871 F.2d 155
 276 U.S.App.D.C. 358
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES, Appellee,
v.
Patricia J. SMITH, Appellant.
 No. 88-3089.
 United States Court of Appeals, District of Columbia Circuit.
 March 24, 1989.
 
 Before STARR, BUCKLEY and STEPHEN F. WILLIAMS, Circuit Judges.
 JUDGMENT
 Per Curiam.
 
 
 1
 This case was considered on the record on appeal from a judgment of conviction entered on a jury verdict by the United States District Court for the District of Columbia and on briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir.R. 13(i). For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the judgment of the district court be affirmed. It is
 
 
 3
 FURTHER ORDERED, by the Court, sua sponte, that the Clerk shall withhold issuance of the mandate herein until five days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15 (August 1, 1987). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.
 
 MEMORANDUM
 
 4
 Appellant was charged in a one-count indictment, filed on January 5, 1988, with theft of mail matter by a postal employee in violation of 18 U.S.C. Sec. 1709 (1982). She was tried, by jury, before Judge Louis F. Oberdorfer. She appeals from her conviction on two grounds: first, that the indictment was insufficiently detailed; and second, that a judgment of acquittal was warranted by virtue of the absence of evidence "presented in this case by the government that Appellant was a postal employee or that the contents of the letter in question were ever stolen or copied in any way by Appellant." Brief for Appellant at 2b.
 
 
 5
 Neither contention has merit. The indictment was sufficiently detailed in nature, alleging that:
 
 
 6
 On or about December 10, 1987, within the District of Columbia, PATRICIA J. SMITH, being an employee of the United States Postal Service, did steal, abstract and remove the contents of a letter addressed to Diane Wilson, 101 Chestnut Street, Hartford, Connecticut 20015, which letter had been entrusted to her and which had come into her possession intended to be conveyed by mail.
 
 
 7
 (In violation of Title 18, U.S. Code, Section 1709[.]
 
 
 8
 Thus, the indictment identified the stolen letter by specifying the person to whom it was addressed and the address to which it was to be delivered. It further alleged that Ms. Smith had stolen, abstracted and removed the contents of that letter. This more than suffices to pass specificity muster under governing law. See Hamling v. United States, 418 U.S. 87, 117-18 (1974); Russell v. United States, 369 U.S. 749, 763-764 (1962); United States v. Conlon, 628 F.2d 150, 155 (D.C.Cir.1980), cert. denied, 454 U.S. 1149 (1982). Additionally, the indictment sufficiently specifies the material taken from the letter. The statute prescribes punishment for "a Postal Service officer [who] ... steals, abstracts, or removes from any such letter ... any article or thing contained therein." 18 U.S.C. Sec. 1709 (1982). Given that the statute does not turn upon the nature of the contents, the indictment readily meets the requirement that it "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed.R.Crim.P. 7(c)(1). The rules provide ample means for a defendant to obtain additional information regarding the charged offense. See Fed.R.Crim.P. 7(f).
 
 
 9
 Appellant's second contention is similarly unavailing. Our review of the record persuades us that the evidence to the effect that Ms. Smith worked as an employee of the Postal Service at the time of the offense was nothing short of compelling. See, e.g., Transcript at 46-47 (testimony of Ms. Eleanora Culler, appellant's supervisor); id. at 40-41, 49-50 (testimony of Inspector Marcia Colliver); id. at 22-23 (testimony of Inspector Spencer Jones). Indeed, by her own admission, Ms. Smith indicated that she was an employee of the Postal Service and had been so employed for a substantial period. Id. at 63. So too, the evidence that she stole the contents of the letter was overwhelming. See, e.g., id. at 13-28 (testimony of Inspector Jones); 41-43 (testimony of Inspector Colliver); 49-51 (testimony of Ms. Culler).
 
 
 10
 Accordingly, the judgment of conviction is affirmed. An appropriate order will issue herewith.